IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THONY BEAUBRUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 324-043 |
| | ) |
| DODGE STATE PRISON; | ) |
| LIEUTENANT BRAY; and | ) |
| OFFICER BENTLEY, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Riverbend Correctional Facility, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Dodge State Prison in Chester, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 4), the "Motion to Acknowledge Court Fees Payment and Credit Previous Payments" be **DENIED**, (doc. no. 5), and this action be **DISMISSED** without prejudice.

### I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Beaubrun v. Dubusson, No. 1:21-cv-03167 (N.D. Ga. Aug. 8, 2022) (dismissed for failure to state a claim); (2) Beaubrun v. Joseph, No. 1:21-cv-03338 (N.D. Ga. Aug. 9, 2022) (dismissed for failure to state a claim); and (3) Beaubrun v. Gwinnett Cnty. Police Dep't, No. 1:21-cv-03168 (N.D. Ga. Sept. 7, 2022) (dismissed for failure to state a claim). See also Beaubrun v. Dodge State Prison, No. 3:22-cv-00097 (S.D. Ga. Aug. 3, 2023) (CV 322-097) (dismissed for failure to state a claim); Beaubrun v. Suntrust Bank Inc., No. 1:23-cv-00231 (N.D. Ga. Feb. 13, 2023) (denying IFP status based on status as three-striker). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious

2

physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff, now incarcerated at Riverbend Correctional Facility, filed his complaint alleging Eighth Amendment claims arising in 2022 at his former place of incarceration, Dodge State Prison.  (See generally doc. no. 1.)  Actions taken two years ago at a facility where Plaintiff is no longer housed do not show Plaintiff faced imminent danger of serious physical injury when he filed his current complaint in June 2024.[1]

The Court is aware Plaintiff filed a "Motion to Acknowledge Court Fees Payment and Credit Previous Payments," (doc. no. 5), after the Clerk of Court issued a deficiency notice regarding the failure to submit the filing fee or an IFP motion when the complaint was filed, (doc. no. 3)  According to Plaintiff, on March 13, 2023, he paid both a $402 filing fee and a $605 appellate filing fee in CV 322-097, both of which have not been "credited."  Thus, he asks the Court to "apply the credit amount of $405.00" as the filing fee for the instant case, and refund to him the balance of $602.  (Doc. no. 5, p. 2.)  The docket in CV 322-097 reflects a filing fee payment of $350 on January 23, 2023, and an appellate filing fee of $505 on November 9, 2023.  See CV 322-097, Receipt Numbers 200000302 and 200000744.  Thus, he is not due to have money "credited" or refunded to him now.  In any event, filing

---

[1]The Court also observes when Plaintiff raised similar claims, against the same Defendants, arising from the events of June 13, 2022, at Dodge State Prison in a prior case in this

3

and appellate fees paid in a prior case have no bearing on the instant case, which requires a new filing fee. See Loc. R. 4.1 (explaining commencement of a civil action requires presentation of the original complaint and the appropriate filing fee or motion to proceed IFP). Therefore, his motion regarding fees and credits should be **DENIED**. (Doc. no. 5.)

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee, and as a three-striker, that full filing fee should have been paid at the time his complaint was filed on June 10, 2024. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 4), the "Motion to Acknowledge Court Fees Payment and Credit Previous Payments" be **DENIED**, (doc. no. 5), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 21st day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

District, they were dismissed for failure to state a claim upon which relief may be granted. See CV 322-097, doc. nos. 17, 21, 27, 37, 52.